NO. 07-07-0383-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 29, 2008



______________________________




RONNIE DUANE MASON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 50,138-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ABATEMENT AND REMAND


 Appellant, Ronnie Duane Mason, was convicted of capital murder and sentenced
to life imprisonment. The clerk's record was filed on January 15, 2008. Contained therein
is the Trial Court's Certification of Defendant's Right of Appeal, which was executed on
September 4, 2007, after amendments to Rule 25.2(d) of the Texas Rules of Appellate
Procedure became effective on September 1, 2007. The form on file does not comply with
the amendments to the rule, which now require that a defendant sign the certification and
receive a copy. Additionally, the new form provides certain admonishments to a defendant
not previously required. (1) 

 Procedural rules generally control litigation from their effective date. Wilson v. State,
473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate this appeal and
remand this cause to the trial court for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to secure a proper Certification of Defendant's Right
of Appeal in compliance with Rule 25.2(d). Once properly completed and executed, the
certification shall be included in a supplemental clerk's record. See Tex. R. App. P.
34.5(c)(2). The trial court shall cause this supplemental clerk's record to be filed with the
Clerk of this Court by July 14, 2008. This order constitutes notice to all parties, pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a
supplemental clerk's record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 

 Also pending before this Court is Appellant's third Motion for Extension of Time to File
Brief. We grant the motion to July 14, 2008. As three extensions have now been granted,
no further motions for extension of time will be considered absent exigent circumstances. 

 It is so ordered.

 Per Curiam

Do not publish.
1. The proper form for Certification of Defendant's Right of Appeal is contained in
Appendix D to the 2008 Texas Rules of Appellate Procedure.



ted. Therefore, Relator’s motion for
rehearing is denied.


                                                                           Patrick A. Pirtle

                                                                                 Justice